IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHRISTOPHER BOSCARELLO, )
    Plaintiff, )
     )
v. ) Case No. 1:10cv1193
     )
AUDIO VIDEO SYSTEMS, INC., )
et al., )
    Defendants. )

## MEMORANDUM OPINION

In this Fair Labor Standards Act (FLSA)[1] retaliation action, a former employee sues his former employer and the employer's owner alleging that defendants retaliated against him, in violation of 29 U.S.C. § 215(a)(3), by refusing to provide him work as an independent contractor following his submission of an affidavit supporting a current employee's FLSA claim against the employer. At issue on defendant's threshold dismissal motion is whether a former employee states a valid FLSA retaliation claim where, as here, the alleged retaliation consists of the employer's refusal to provide its former employee work as an independent contractor, work that the employer was not contractually obligated to provide, but which the employer indicated would be provided.

For the reasons that follow, plaintiff has stated a valid FLSA retaliation claim.

---

[1] 29 U.S.C. § 201 et seq.

I.[2]

Plaintiff Christopher Boscarello, a resident of Colorado, brings this action against two defendants: (i) Audio Video Systems, Inc. ("AVS"), a Virginia corporation engaged in the business of installing and servicing audiovisual systems; and (ii) Peter A. Barthelson, president and owner of AVS. Plaintiff was employed by AVS from approximately March 15, 2003 to July 15, 2009, as lead technician and later as senior integration engineer. His duties in these positions were essentially the same, namely installing audiovisual display mounts, cleaning up the work area, gathering materials for jobs, and loading and unloading the service truck. In July 2009, plaintiff voluntarily resigned from AVS and entered into a nonexclusive subcontractor relationship whereby he agreed to provide audiovisual installation services as needed for AVS in exchange for an hourly rate to be determined for each job. Under the terms of the subcontract, AVS "[i]n no way . . . guarantee[d] any minimum number of hours" to plaintiff. Compl. Ex. 1. The subcontract explicitly stated that "[t]the parties intended that an independent owner-subcontractor relationship will be created by this contract," and that plaintiff "is not to be considered an agent or employee of [AVS] for any purpose." *Id.* Plaintiff further agreed that he would not be "entitled to any of the benefits that [AVS] provides for its employees." Each party retained the right to terminate the subcontract at any time with written notice. *Id.*

Between July and September 2009, plaintiff was contacted by AVS employees regarding "current and future work" for plaintiff to perform under the subcontract, which work was to begin in late 2009. Compl. ¶¶ 27-29. Plaintiff was subsequently informed that this work was

---

[2] The facts recited herein are derived largely from plaintiff's complaint and, as required at this stage in the proceedings, assumed to be true. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

delayed, but that he would still be needed for various projects in the coming months. Then, in September 2009, plaintiff agreed to submit an affidavit in support of an FLSA action filed by another AVS employee, Justin Rorrer. Rorrer sued AVS alleging wrongful denial of overtime pay, and plaintiff submitted an affidavit describing his first-hand observations of Rorrer's hours and AVS's treatment of Rorrer during the time that both men were employed at AVS. The affidavit was filed as an attachment to Rorrer's federal complaint, which named the same defendants named by plaintiff here.[3] After Rorrer's complaint was filed, AVS ceased communicating with plaintiff (Boscarello) concerning upcoming projects and never provided him work under the subcontract. Various AVS employees and managers friendly to plaintiff told plaintiff he had been "blacklisted" at AVS, that his name was "mud," and that if they spoke to him, they were told they would be fired, all in retaliation for plaintiff's affidavit in support of Rorrer. Compl. ¶ 40.

Plaintiff asserts that defendant's denial of work under the subcontract constituted an unlawful retaliatory action in violation of the FLSA, 29 U.S.C. § 215(a)(3). Defendants, in turn, move to dismiss the complaint, arguing (i) that plaintiff is not entitled to relief under the FLSA because he is an independent contractor, not an employee; and (ii) that plaintiff has not suffered an adverse employment action within the meaning of the FLSA. Defendant Barthelson also argues that the complaint raises no specific allegations as to Barthelson's conduct, and thus he should be dismissed.

## II.

Dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., is appropriate where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] *See Rorrer v. Audio Video Systems, Inc.*, No. 1:09cv1065 (E.D. Va. Sept. 22, 2009) (Complaint). Rorrer voluntarily dismissed his case with prejudice on March 29, 2010.

3

plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It follows that to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. And in this respect, it is also true that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to *legal* conclusions." *Id.* (emphasis added). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *quoted in Walker v. Prince George's County, Md.*, No. 08-1462, 2009 WL 2343614, at *5 (4th Cir. July 30, 2009) (O'Connor, J.). Instead, the complaint must allege facts that, if true, plausibly satisfy each element of the claims for which relief is sought. Accordingly, the motions to dismiss must be granted if the complaint does not allege a sufficient factual basis to create a plausible inference that plaintiff is entitled to relief.

### III.

Analysis of the motion to dismiss appropriately begins with the pertinent statutory language. The statute in issue here, 29 U.S.C. § 215 provides, in pertinent part:

(a) [I]t shall be unlawful for any person . . .

> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . .

The statute further defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Furthermore, it is now well-settled that the term "employed" in § 203(e)(1) encompasses both current and former employees. *See Darveau v. Detecon*, 515 F.3d 334, 341-42 (4th Cir. 2008) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 345-46 (1997); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Relying on the Supreme Court's analysis of

4

Title VII's analogous provisions, the Fourth Circuit in *Darveau* noted that former employees are entitled to FLSA protection because, *inter alia*,

> they often need references from past employers, they may face retaliation from new employers who learn they have challenged the labor practices of previous employers, and they sometimes must return to past employers for a variety of reasons, putting them once more at risk of retaliation.

*Id.* at 343 (citing *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir. 1972)). Given the importance of the retaliation provisions to FLSA's enforcement scheme, the Fourth Circuit has also noted that the pertinent provisions must be construed "bearing in mind the Supreme Court's admonition that the FLSA 'must not be interpreted or applied in a narrow, grudging manner.'" *Darveau*, 515 F.3d at 340; (quoting *Tenn. Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)); *Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360, 363-64 (4th Cir. 2000).

Section 215(c) has been interpreted and reinterpreted dozens of times in cases stretching back to the FLSA's adoption, but the essential elements of a retaliation claim are easily discerned from the case law.[4] In particular, *Darveau* provides the Fourth Circuit's most recent summary of the elements an FLSA retaliation claim, and it did so in the context of a retaliation claim brought, as here, by a former employee, making the case all the more pertinent to the present analysis. As the *Darveau* court recognized, an FLSA retaliation plaintiff must show three elements: (i) that he engaged in an activity protected by the FLSA; (ii) that he suffered an adverse action by the employer subsequent to or contemporaneous with such protected activity; and (iii) that a causal connection exists between the employee's activity and the adverse action. *Darveau*, 515 F.3d at 340.

---

[4] *See Darveau*, 515 F.3d at 340 (citing *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000); *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997)).

5

Here, the parties agree that plaintiff has alleged sufficient facts with respect to the first element of his FLSA retaliation action. That is, defendants correctly concede that submitting an affidavit in support of another employee's FLSA action is a protected activity under the Act.[5] Yet, defendants contend that plaintiff has not pled sufficient facts with respect to the two remaining elements of his claim. First, defendants argue that the denial of work to an independent contractor is not a cognizable adverse action within the meaning of the FLSA. Second, defendants argue that plaintiff has not pled sufficient facts to establish a causal connection between his protected activity and the denial of independent contractor work. In light of the statute and relevant case law, both of these arguments are without merit.

As to defendants' first contention, namely that plaintiff has not pled an adverse action under the FLSA, it is important to note that the term "adverse action" is given by the case law interpreting the FLSA, not the statute itself. The pertinent statutory language in § 215 states that an employer must not "discharge or in any other manner discriminate against an employee." § 215(a)(3). Cases construing this statutory language have relied heavily on analogous employment discrimination provisions of Title VII, 42 U.S.C. § 2000e-2, and accompanying case law.[6] The analogous statutory language in Title VII makes it unlawful for an employer

> to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

---

[5] Indeed, this concession is appropriate given the statute and pertinent case law, which make clear that providing testimony in an FLSA action qualifies as a protected activity. *See* § 215(c) (recognizing as a protected activity an individual's "testif[ying] . . . in any such proceeding" "under or related to this chapter"); *see also Ball*, 228 F.3d at 364 ("the 'proceeding' necessary for liability under the FLSA refers to procedures conducted in judicial or administrative tribunals").

[6] *See e.g., Darveau*, 515 F.3d at 341-42 (relying on Title VII cases to support the conclusion that an "employee" for FLSA purposes includes current and former employees); *Hackney v. Arlington County Police Dep't*, 1998 U.S. App. LEXIS 9448 (4th Cir. May 11, 1998) (relying on Title VII cases to determine the proof scheme for FLSA mixed motive cases).

opportunities or *otherwise adversely affect his status as an employee*, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2 (emphasis added). The phrase "adverse action" is a paraphrase of this language.

Prior to the Supreme Court's opinion in *Burlington*, some courts misinterpreted Title VII to require more than simply an adverse action, requiring instead an adverse *employment* action to plead a retaliation claim. *See, e.g., Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 (3d. Cir. 1997), *abrogated by Burlington*, 548 U.S. 53. In *Burlington*, the Supreme Court rejected that construction, holding that the retaliation provisions in Title VII are not limited to actions that affect the terms and conditions of employment. 548 U.S. at 64. Subsequently, in *Robinson*, the Supreme Court held that even former employees are protected under Title VII. *Robinson*, 519 U.S. at 345-46 (reversing the Fourth Circuit's holding that a former employee receiving a negative job reference from the former employer could not sue the former employer under Title VII).

The Fourth Circuit has since applied these principles in the FLSA context. *See Darveau*, 515 F.3d 334. In *Darveau*, the court held that an FLSA retaliation plaintiff need not plead an adverse *employment* action, because such a requirement "would of course have the practical effect of declaring that the FLSA's prohibition applies to retaliation exclusively against current, and not former, employees," in contravention of the principles announced in *Robinson*. *Darveau*, 515 F.3d at 341. The plaintiff in *Darveau* sued his former employer for unpaid overtime under the FLSA after leaving the defendant's employment. Two weeks later, the employer filed an action in state court against the plaintiff alleging fraud arising out of one of the plaintiff's sales contracts. The plaintiff then amended his federal complaint to include a claim for retaliation under the FLSA, asserting that the state court action was filed in retaliation for the

7

plaintiff's overtime complaint. 515 F.3d at 337. The district court granted the employer summary judgment on the FLSA retaliation claim, and the Fourth Circuit reversed, noting that the scope of the FLSA and Title VII retaliation provisions generally "extends beyond workplace-related or employment-related retaliatory acts and harm." *Id.* at 336, 342. Accordingly, the court held that an FLSA retaliation plaintiff need only allege

> that his employer retaliated against him by engaging in an action "that would have been materially adverse to a reasonable employee" because the "employer's actions could well dissuade a reasonable worker from making or supporting a charge of discrimination."

*Id.* (quoting *Burlington*, 548 U.S. at 57) (ellipsis omitted). Thus, *Darveau* concluded that the employer's filing of a state court action against the former employee was a cognizable adverse action for FLSA purposes. *Id.*

As an initial matter, defendants argue that despite the clear precedent that former employees are protected from retaliation under the FLSA, plaintiff here is not protected because he is an independent contractor. In essence, defendants argue that plaintiff's status as an independent contractor somehow trumps his status as a former employee, such that he is excluded from FLSA protection. This argument borders on frivolous. Nothing in *Darveau* provides any basis to conclude that one's protections as a former employee can be extinguished by taking on a new title with the former employer. Indeed, at the time the plaintiff in *Darveau* sued his former employer, the plaintiff had *no relationship* with the employer, yet he was still entitled to FLSA protection because he was engaging in a legitimate protected activity. It would be nonsensical to hold that the FLSA prohibits employers from retaliating against former employees generally, but employers are free to retaliate against former employees with whom they maintain an independent contractor relationship. Thus, it is appropriate to follow *Darveau*

and hold that plaintiff's status as a former employee does not bar his FLSA retaliation claim, regardless of the fact that he entered into an independent contractor agreement with AVS.[7]

But this does not end the analysis, as defendants contend that even if plaintiff is protected by the FLSA, the denial of work under the subcontractor agreement is not a cognizable adverse action, given that defendant was not contractually obligated to provide any work. Yet, this argument also fails. As noted *supra*, an FLSA retaliation plaintiff need only allege that the action taken against him "would have been materially adverse to a reasonable employee" because the "employer's actions could well dissuade a reasonable worker from making or supporting" an FLSA claim. *Darveau*, 515 F.3d at 343 (ellipsis omitted). A comparison of the facts of this case to those of *Darveau* suggests that the result reached there should also obtain here, namely that plaintiff has pled sufficient facts to support an FLSA retaliation claim. Just as in *Darveau*, plaintiff here engaged in a protected activity under the FLSA after discontinuing formal employment with the defendant employer. Additionally, the protected acts of the plaintiffs in both this case and in *Darveau* concerned events that occurred during their prior employment: the former employee in *Darveau* sued for his own overtime violations, and here, plaintiff filed an affidavit concerning a fellow employee's overtime violations, which plaintiff observed while he was an AVS employee.

It remains to compare the adverse action taken in *Darveau* with the adverse action alleged here. In *Darveau*, the employer filed a lawsuit in state court against the plaintiff alleging

---

[7] At oral argument, defendants attempted to bolster their argument that plaintiff is not entitled to FLSA protection by citing the cases of *Dellinger v. Science Applications International Corp.*, 2010 U.S. Dist. LEXIS 32861 (E.D. Va. Apr. 2, 2010), *Harper v. San Luis Valley Regional Medical Center*, 848 F.Supp. 911 (D. Colo. 1994), and *Glover v. City of North Charleston*, 942 F. Supp. 243 (D.S.C. 1996). Each of these cases involved a plaintiff who was a job applicant and *never* previously employed by the defendant. Given this critical distinction, these cases are not persuasive here.

9

fraud with respect to one of the plaintiff's sales contracts, and the Fourth Circuit recognized that this action could well dissuade a reasonable employee from bringing an FLSA complaint in the future. *Darveau*, 515 F.3d at 343. Here, plaintiff was denied work under a subcontractor agreement, an action that would have precisely the same effect as in *Darveau*. That is, a former employee serving as a subcontractor would certainly be dissuaded from bringing or supporting an FLSA complaint if that former employee faced the threat of subcontract "blacklisting" by the employer. This analysis comports with the Supreme Court's admonition "that the FLSA must not be interpreted or applied in a narrow, grudging manner." *Darveau*, 515 F.3d at 340 (quoting *Tenn. Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)). Additionally, this analysis is fully consistent with Congress's intent that FLSA enforcement, which relies heavily on employees' participation, is not thwarted by employers' use of nontraditional acts of retaliation. *Ball*, 228 F.3d at 363 (noting that employee participation provides the "backbone" of Congress's FLSA enforcement scheme).

Defendants seek to avoid this result by pointing out that an employer's action is not retaliatory under § 215(c) if it amounts to a "petty slight[] or minor annoyance[] that often take[s] place at work and that all employees experience." *Burlington*, 548 U.S. at 68; *Wells v. Gates*, 336 Fed. Appx. 378, 383 (4th Cir. 2009). For example, in *Wells*, the Fourth Circuit held that no FLSA claim obtained where the employer asked the employee to provide medical documentation from his physician before any additional medical leave could be approved. 336 Fed. Appx. at 383-84. The Fourth Circuit sensibly recognized that such an action was not sufficiently adverse to be cognizable under the FLSA.

Defendant's reliance on *Wells* is misplaced. By no means can it be said that the denial of expected work is of little or no consequence. Plaintiff alleges that he was refused work by AVS

10

under the subcontract—despite being well qualified and despite being assured of the work—solely based on his support for a another former employee's FLSA action. Unlike asking an employee to provide medical documentation before requesting additional medical leave, as occurred in *Wells*, the denial of work to a subcontractor is not a petty slight or minor annoyance. Rather, this denial of work constitutes a direct and substantial financial sting to plaintiff.[8] In sum, the denial of work under the circumstances pled here would clearly operate to dissuade a reasonable current or former employee from bringing or supporting an FLSA complaint. Accordingly, plaintiff has pled sufficient facts to establish an adverse action under the FLSA.

Next, defendants contend that plaintiff has not sufficiently pled the causation element of his FLSA claim. In essence, they argue that because plaintiff was not assigned any subcontract work prior to his protected activity, the fact that he did not receive subcontract work thereafter is insufficient to demonstrate causation between the protected activity and the adverse action. This argument mischaracterizes plaintiff's allegations. Plaintiff does not merely allege a cause-and-effect relationship based on the fact that he received no subcontract work; rather, he alleges that defendants and defendants' agents made specific statements, which were later repeated to plaintiff, indicating a deliberate decision by defendants to "blacklist" plaintiff from subcontract work because plaintiff supported another former employee's FLSA action. Compl. ¶ 40. These allegations are more than sufficient to establish causation.

Finally, it is appropriate to consider defendants' argument that even if plaintiff has pled a claim against AVS, he has not pled sufficient facts to establish a claim against defendant

---

[8] It may also be noted that the fact that work under the subcontract was provided on a discretionary basis does not alter the analysis. It is well-settled that employers may not make discretionary decisions, such as the denial of promotion, in a retaliatory or discriminatory fashion. *See, e.g., Holsey v. Armour & Co.*, 743 F.2d 199 (4th Cir. 1984) (affirming the district court's judgment that the employer had engaged in racial discrimination and retaliation by, *inter alia*, refusing to promote African American employees).

Barthelson, the president and owner of AVS. This argument is unavailing. As an initial matter, Barthelson correctly does not contest that he is subject to FLSA liability as an "employer," because the FLSA defines an employer to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Barthelson, as president and owner of AVS, certainly qualifies as an employer under the circumstances pled here.[9]

As to defendants' argument that plaintiff has not pled sufficient facts with respect to Barthelson's conduct, a review of the complaint demonstrates otherwise. The complaint names several employees of AVS who engaged in retaliatory actions, all of whom plaintiff alleges "were acting on behalf of AVS and Peter Parthelsen [sic], and the conduct and actions of the employees were ratified by Peter Barthelsen [sic] and AVS." Compl. ¶ 51. Plaintiff also alleges that Barthelson was aware of plaintiff's affidavit in the Rorrer action, a fact that can also be inferred given Rorrer named Barthelsen as a defendant and attached plaintiff's affidavit to his complaint. While discovery might disclose evidence to the contrary, at this stage, plaintiff has pled a plausible basis for his claim that Barthelson knew of plaintiff's protected activity and directed or ratified the retaliatory denial of subcontract work.

For the foregoing reasons, plaintiff has pled sufficient facts for his FLSA retaliation action against AVS and Barthelsen. Accordingly, defendants' motion to dismiss must be denied.

An appropriate order will issue.

Alexandria, Virginia
April 20, 2011

/s/
T. S. Ellis, III
United States District Judge

---

[9] See Brock v. Hamad, 867 F.2d 804 (4th Cir. N.C. 1989) (noting that an individual defendant who "hired and directed the employees who worked for the enterprise" was an employer for FLSA purposes, "[e]ven if the businesses were within a corporate structure") (citing Donovan v. Agnew, 712 F.2d 1509, 1511, 1514 (1st Cir. 1983); Donovan v. Sabine Irrigation Co. Inc., 695 F.2d 190, 194-95 (5th Cir.), cert. denied, 463 U.S. 1207 (1983)).